IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BESSIE MAE BURGESS,**

**Plaintiff,**

**v.**

**ALTON POLICE DEPARTMENT AND
MADISON COUNTY STATES
ATTORNEY OFFICE,**

**Defendants.**                              **No. 06-CV-0670-DRH**

## ORDER

**HERNDON, District Judge:**

On August 29, 2006, Bessie Mae Burgess filed a *pro se* complaint against the Alton Police Department and the Madison County States Attorney Office (Doc. 1). Specifically, Burgess alleges that she and her son were harassed by the Alton Police Department and the Madison County States Attorney Office. Now before the Court is Burgess' motion to proceed *in forma pauperis* (Doc. 2) and a motion for service of process at government expense (Doc. 4). Because the Court finds that Burgess is indigent, the Court grants both the motion to proceed *in forma pauperis* (Doc. 2) and the motion for service of process at government expense (Doc. 4).

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. For many years, federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor

malicious. **28 U.S.C. § 1915**. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." ***Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

Burgess' motion survives **§ 1915(e)(2)** review. Burgess furnished an affidavit documenting her poverty. The action appears to be neither frivolous nor malicious. At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendants are immune from suit. The Court does note, at the outset and on the face of the complaint, that there could be a statute of limitations problem for the plaintiff, but the vagueness of the allegations preclude the Court from acting upon this issue at threshold.

Furthermore, based on a close examination of the allegations of the complaint, it is clear that the style of the case is incomplete. The plaintiffs in this case are Bessie Mae Burgess, individually, and as the mother and next friend of Hosie

Burgess, Jr. Defendants in the case are Detective Gary Cranmer, Alton Police Department, in his official capacity; Officer Rodger West, Alton Police Department, in his official capacity; Detective Jason Jakes Simmons, Alton Police Department, in his official capacity; and William Mudge, Madison County State's Attorney, in his official capacity.

In an effort to understand Plaintiff's complaint, which is difficult at best, the Court has restated the basis of her alleged claims and divided them into separate counts. To the extent the Plaintiff does not agree that this brief recapitulation accurately captures her claims, she is **granted leave to amend on or before October 13, 2006**. Furthermore, Defendants are put on notice and the Court acknowledges that Plaintiff intended that the Eighth and Fourteenth Amendments to the United States Constitution formed the foundation for all Counts and claims and the vehicle for her claims is **42 U.S.C. § 1983 *et seq.*** Furthermore, though the Plaintiff named Timothy Botterbush in the complaint as a Defendant, initially, there were no allegations against him. Therefore, the Court dropped him in the recapitulation of claims. Likewise, the Plaintiff mentioned the Mayor and Police Chief but did not make viable allegations against either men. If the Plaintiff has specific claims or allegations against either of the three people just mentioned, she may include them in the amended complaint. The **Plaintiff should further note** that the Court's efforts at restating the claims in a different form and passing this case out of threshold in no way suggests that the Court is stating that he believes she has a cause of action

that will survive motions that will be filed by the Defendants. The Court has merely attempted to restate the Plaintiff's claims as the Court understands them to be, without passing on their legal merits, and asks the Defendants to respond to the charges. If the Plaintiff amends her complaint, she should stick closely to the kind of format that follows, even if the types of claims change to some other description. The description should be a simple one to inform what kind of claim is suggested and who is at fault.

> Count I: **REFUSAL TO FILE.** Bessie Burgess, individually and on behalf of her son, Hosie Burgess, Jr., against Officer Rodger West and Detective Jason Jakes Simmons for their refusal to file charges against Mary Joyce Luacas and others and conspiracy to protect Ms. Luacas from criminal charges being filed. Between May 16, 2004 and August 26, 2004, Defendants refused to protect the rights of the Plaintiffs under the Constitution by refusing to file criminal charges against Ms. Luacas and individuals acting on her behalf who physically beat Hosie Burgess, Jr., in order to unlawfully protect the interests of Ms. Luacas so she would avoid being criminally charged.
>
> Count II: **HARASSMENT.** Bessie Burgess, individually, and on behalf of her son, Hosie Burgess, Jr., against Officer Rodger West, for harassment in violation of their

constitutional rights.

Count III: **FALSE ARREST.** Bessie Burgess, on behalf of her son, Hosie Burgess, Jr., against unknown detective and detective Gary Cranmer for false arrest on July 23, 2004.

Count IV: **FALSE ARREST.** Bessie Burgess, individually, against State's Attorney, William Mudge, for false arrest in August of 2004.

Accordingly, the Court **GRANTS** Burgess' motion to proceed *in forma pauperis* (Doc. 2) and Burgess' motion for service of process at government expense (Doc. 4). The Court **DIRECTS** the Clerk's Office to send a blank USM-285 form to Burgess. Burgess must fill out this form and return it to the Clerk's Office in order for the case to proceed. Once the Clerk receives the USM-285 form, the Clerk will issue a summons for both named Defendants. Once a summons is issued, the Court **DIRECTS** the United States Marshal to obtain service on same. Costs of service shall be borne by the United States of America.

Plaintiff is granted leave to amend her complaint by October 13, 2006. Amendments after that date will require further leave of Court.

**IT IS SO ORDERED.**

Signed this 12th day of September, 2006.

/s/     David  RHerndon
**United States District Judge**