IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BESSIE MAE BURGESS
and HOSIE BURGESS, Individually,
and on behalf of their son,
Hosie Burgess, Jr.,

Plaintiffs,

v.

THE CITY OF ALTON, DONALD E.
SANDRIDGE, CHRIS SULLIVAN,
ROGER WEST, JASON SIMMONS,
GARY CRANMER, and TIMOTHY
BOTTERBUSH, In their Individual
and Official Capacities,

Defendants.                                                No. 06-CV-0670-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

Pending before the Court is Defendant Tim Botterbush's motion to dismiss for failure of service (Doc. 23). Specifically, Botterbush moves the Court to strike the Return of Service (Doc. 15) and dismiss Plaintiffs's First Amended Complaint for improper service. Plaintiffs oppose the motion arguing that they twice requested Defendant Botterbush to waive service by counsel and that on January 21, 2007, Botterbush was served with the summons and complaint (Doc. 26). Based on the following, the Court denies Botterbush's motion.

## II. Analysis

**Rule 4(m)** of the **Federal Rule of Civil Procedure** provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

Even if good cause for an extension does not exist, the Court has discretion to grant an extension. ***Henderson v. United States*, 517 U.S. 654, 662 (1996);** ***Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996)**. While service was not effected within the 120-day period as provided under **Rule 4(m)** and Plaintiffs have not demonstrated/argued good cause for granting an extension of the 120-day period, the Court finds that sufficient reason exists to grant a discretionary extension of time. Here, the record reflects that Botterbush had actual notice of the lawsuit through the copy of the summons and complaint left with his part-time housekeeper on December 22, 2006 (Doc. 15) and that he was served with the summons and Amended Complaint at his house on January 21, 2007 (Doc. 25). Further, Plaintiffs were proceeding *pro se* at the time the original complaint was filed on August 29, 2006 (Doc. 1).[1] The short delay in

---

[1] The Court also notes that on September 12, 2006, the Court granted Plaintiffs' motion to proceed in forma pauperis and ordered service of process at Government expense (Doc. 6).

service was not prejudicial to Defendant Botterbush.[2]  The Court finds that based on these circumstances Plaintiffs are entitled to reasonable time to cure the defect and have already done so.

### III. Conclusion

Accordingly, the Court **DENIES** Defendant Botterbush's motion to dismiss for failure of service (Doc. 23).

**IT IS SO ORDERED.**

Signed this 4th day of June, 2007.

/s/      David    RHerndon
**United States District Judge**

---

[2]In the Court's September 12, 2006 Order, the Court noted that Botterbush was named in the caption of the Complaint but that the Complaint did not contain any allegations against Botterbush (Doc. 6).  Thus, one could argue that the January 21, 2007 service of Botterbush was timely as the First Amended Complaint filed on October 12, 2006 was the first pleading that added Botterbush as a party to the lawsuit.  ***See Del Raine v. Carlson*, 156 F.R.D. 622, 628 (S.D. Ill. 1994),** *rev'd in part on other grounds***, 77 F.3d 484 (7th Cir. 1996) (Table) (When a complaint is amended to add new parties, the plaintiff is given 120 days from the date of the amendment to serve the new defendants.).**  However, the Court need not consider this issue as Plaintiffs did not raise this argument.