IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BESSIE MAE BURGESS
and HOSIE BURGESS, Individually,
and on behalf of their son,
Hosie Burgess, Jr.,**

**Plaintiffs,**

**v.**

**THE CITY OF ALTON, DONALD E.
SANDRIDGE, CHRIS SULLIVAN,
ROGER WEST, JASON SIMMONS,
GARY CRANMER, and TIMOTHY
BOTTERBUSH, In their Individual
and Official Capacities,**

**Defendants.**                                                   No. 06-CV-0670-DRH

MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court are Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docs. 30 & 33).  Defendants aruge, *inter alia*, that Plaintiffs' claims are barred by the applicable statute of limitations.  Plaintiffs oppose the motions (Doc. 42).  Based on the pleadings and the applicable case law, the Court **GRANTS** the motions.

On August 29, 2006, Plaintiff, Bessie Mae Burgess, pro se, filed a complaint against the Alton Police Department and the Madison County States Attorney Office (Doc. 1).  Specifically, Burgess alleges that she and her son were

harassed by the Alton Police Department and the Madison County States Attorney Office.[1]  On October 12, 2006, Plaintiffs, Bessie Mae Burgess and Hosie Burgess, individually, and on behalf of their son, Hosie Burgess, Jr., filed, through their attorney Bruce Carr, a First Amended Complaint against the City of Alton, Donald E. Sandridge, Chris Sullivan, Roger West, Jason Simmons, Gary Cranmer and Timothy Botterbush, in their individual and official capacities (Doc. 10).  The First Amended Complaint alleges violations of Plaintiffs' constitutional rights pursuant to **42 U.S.C. § 1983** for: Count I - refusal to file against West, Simmons, Cranmer and Botterbush; Count II - harassment against West, Simmons, Cranmer, and Botterbush; Count III - false arrest against West, Simmons, Cranmer, and Botterbush; Count IV - abridgment of speech against West, Simmons, Cranmer, and Botterbush; Count V - retaliation against West, Simmons, Cranmer and Botterbush; Count VI - conspiracy to retaliate against all Defendants; Count VII - illegal conspiracy against all Defendants; Count VIII - negligent hiring, supervision and retention against the City of Alton, Mayor Sandridge and Chief Sullivan; Count IX - constitutional deprivations against individual Defendants and the City of Alton; and Count X state law deprivations against the City of Alton under the theory of respondeat superior.  According to the First Amended Complaint, Hosie Burgess, Jr. was beaten on or about May 16, 2004, by Mary Joyce Lucas and that between May

---

[1]On September 12, 2006, the Court entered an Order granting Burgess leave to proceed in forma pauperis and granting a motion for service at government expense (Doc. 6).  In that Order, the Court restated Plaintiff's claims as the Court understood them to be: Count I- refusal to file; Count II - harassment; Count III- false arrest; and Count IV - false arrest.  The Court also allowed Plaintiff up to and including October 13, 2006 to file an amended complaint.

16, 2004 and August 26, 2004, Defendants refused to investigate, charge or arrest Mary Joyce Lucas. Plaintiffs further allege that Bessie Mae and Hosie Burgess, Sr. complained to the Alton Mayor, the Alton Police Chief and the Alton Police Department about what happened to their son and that they were arrested in retaliation for complaining. The Court turns to address the merits of the motions.

## II. Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim, the district court assumes as true all facts well-pled plus the reasonable inferences therefrom and construes them in the light most favorable to the plaintiff. **Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998) (citing Wiemerslage Through Wiemerslage v. Maine Township High School Dist. 207, 29 F.3d 1149, 1151 (7th Cir. 1994))**. The question is whether, under those assumptions, the plaintiff would have a right to legal relief. *Id*. This standard also has been articulated:

> [U]nder "simplified notice pleading," … the allegations of the complaint should be liberally construed, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

**Lewis v. Local Union No. 100 of Laborers' Int'l Union, 750 F.2d 1368, 1373 (7th Cir. 1984) (quoting Conley v. Gibson, 355 U.S. 41, 46-47 (1957)). Accord Fries at 457; Vickery v. Jones, 100 F.3d 1334, 1341 (7th Cir. 1996).**

The Seventh Circuit has reiterated the liberal standard governing notice pleading:

> It is sufficient if the complaint adequately notifies the defendants of the nature of the cause of action.... As the Supreme Court has recently reminded us, the Federal Rules of Civil Procedure do not permit us to demand a greater level of specificity except in those instances in which the Rules specifically provide for more detailed elaboration. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993).

***Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998);** *See also **Kaplan v. Shure Brothers, Inc.*, 153 F.3d 413, 419 (7th Cir. 1998)***.  In fact, the Seventh Circuit has instructed that a plaintiff's claims *must* survive a 12(b)(6) dismissal motion if relief could be granted under *any* set of facts that could be proved consistent with the allegations.  ***Hi-Lite Products Co. v. American Home Products Corp.*, 11 F.3d 1402, 1409 (7th Cir. 1993).**

Because the statute of limitations is an affirmative defense, dismissal under Rule 12(b)(6) on these grounds is only appropriate if the allegations in the complaint show that a cause of action is time-barred.  ***Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003)**.  Therefore, the question before the Court is whether Plaintiffs' First Amended Complaint contains allegations showing that their claims are barred by the applicable statute of limitations.  Based on the following, the Court finds that Plaintiffs' claims are time-barred.

### III.  Analysis

Section 1983 provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes

to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law...." **42 U.S.C. § 1983; *see Thurman v. Vil. of Homewood,* 446 F.3d 682, 686-87 (7th Cir. 2006)**. Furthermore, "the statute of limitations applicable to claims under 42 U.S.C. § 1983 in Illinois is the same two-year provision which governs personal injury actions in the state, **735 I. Comp. Stat.. 5/13-202."** *Evans v. City of Chicago,* **434 F.3d 916, 934 (7th Cir. 2006)**. Federal law determines when a § 1983 action accrues, which is generally "when a plaintiff knows or has reason to know of the injury that is the basis for the action." ***See Sellers v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996)**. Finally, the "court notes that nothing in either federal law or Illinois law tolls or delays the running of an applicable statute of limitations on a § 1983 claim until criminal proceedings are concluded." *Id.* **(citing *Pitts v. City of Kankakee,* 267 F.3d 592, 595 (7th Cir. 2001) ("normally, the statute beings to run from the date of an injury" on a § 1983 claim); *Wallace v. Kato*, 127 S.Ct. 1091, 1096 (2007) (false arrest claims accrue at the time of the arrest.))**.

Further, the statute of limitations for Illinois state law claims against a municipality or its employees is one year. **745 ILCS 10/8-101**. The relevant portion of the statute states:

> No civil action ... may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued ... [f]or purposes of this Article, the term "civil action" includes

any action, whether based upon the common law or statutes or Constitution of this State.

**745 ILCS 10/8-101**.

Here, Defendants argue that Plaintiffs' 1983 claims are barred by the applicable two year statute of limitations and that the related state law claims are also barred by the one year applicable statute of limitations. In response, Plaintiffs do not address this argument. Their response merely states: "Plaintiffs had two years to file their 42 U.S.C. § 1983 claims. *Palmer v. Board of Education*, 46 F.3d 682, 684 (7th Cir. 1995); *Farrell v. McDonough*, 966 F.2d 279, 280-82 [sic] 7th Cir. 1992)." (Doc. 42, p. 2). Instead, Plaintiffs argue (without any case law in support and without directly expressing) that their claims are timely based on a continuing violation theory.[2] The Plaintiffs argue that Hosie's continued incarceration means a continuing violation. The Court finds that Plaintiffs' arguments miss the mark and the Court agrees with Defendants.

A review of the original complaint and more importantly the First Amended Complaint contains a time period of May 16, 2004 to August 26, 2004 in which the allegations stem. Plaintiffs' original complaint was filed on August 29, 2006 - more than two years after the alleged incidents took place. Thus, the Court finds that Plaintiffs' claims are barred by the applicable statute of limitations.

---

[2]For example, Plaintiffs brief states "[f]rom May 2004 to present, Alton Police Department routinely unreasonably seized, searched, and used force on citizens that complained of police misconduct including plaintiffs...." (Doc. 42, p. 2).

## IV. Conclusion

Accordingly, the Court **GRANTS** Defendants' motions to dismiss (Docs. 30 & 33). The Court **DISMISSES with prejudice** Plaintiffs' First Amended Complaint as time-barred. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 6th day of June, 2007.

/s/     David   RHerndon
**United States District Judge**